# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GERARD ALEXIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-01967-RWS |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATION SYSTEMS, | : | |
| INC., BANK OF AMERICA, and | : | |
| MCCALLA RAYMER, LLC, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Plaintiff's Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction [2], Defendants' Motion to Dismiss [3], and Defendants' Motion to Stay Discovery and Certain Pretrial Deadlines [4]. After a review of the record, the Court enters the following Order.

## Background

On November 30, 2006, Plaintiff Gerard Alexis entered into a loan transaction (the "Loan") with American Mortgage Express Corporation

("American Mortgage") for the purchase of property located at 4451 Equine Drive, Powder Springs, Georgia 30127 (the "Property"). (Compl., Dkt. No. [1-2] ¶ 5.) In consideration for the Loan, Plaintiff executed a promissory note (the "Note") in favor of American Mortgage and a security deed (the "Deed" (Defs.' Mot. to Dismiss Ex. A, Dkt. No. [3-1] at 1-15)) in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for American Mortgage.[1] (Defs.' Mot. to Dismiss, Dkt. No. [3] at 2.) On March 31, 2011, MERS assigned its interest in the Deed to BAC Home Loans Servicing, LP ("BAC").[2] (Id. at 3.) Upon Plaintiff's default, BAC initiated foreclosure proceedings on the Property. (Id.) BAC retained as counsel McCalla Raymer, LLC to conduct the foreclosure sale, which occurred on May 3, 2011. (Id.)

On May 23, 2011, Plaintiff–acting pro se–filed a "Verified Complaint to Set Aside an Unlawful Sale Under Power and for State Law Claims" (the "Complaint"), alleging various causes of action arising out of the foreclosure of

---

[1] The Court may consider documents attached to, or incorporated by reference in, a dismissal motion without converting the motion into one for summary judgment if the document is (1) central to plaintiff's claim and (2) undisputed, i.e., its authenticity is not challenged. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

[2] BAC Home Loans Servicing, LP is improperly identified in the Complaint as "Bank of America." (Defs.' Mot. to Dismiss, Dkt. No. [3] at 1.)

the Property. (Dkt. No. [1-2].) First, Plaintiff alleges that BAC lacks authority to foreclose on the Property because: (1) there has been no valid assignment of the Deed to BAC (id. ¶¶ 14-17, 22, 26, 28-30), and (2) BAC does not hold both the Note and the Deed (id. ¶¶ 27-28). Second, Plaintiff alleges the tort of wrongful foreclosure based on Defendants' alleged failure to comply with O.C.G.A. § 44-14-162.2, which requires the secured creditor to send the debtor written notice of the initiation of foreclosure proceedings. (Id. ¶¶ 23-25, 35-38.) The Complaint seeks damages, as well as equitable relief to declare the foreclosure sale void and restore Plaintiff's title to the Property. (Id. ¶¶ 32, 37-38, 39-45, Prayer for Relief.) Contemporaneous with the filing of the Complaint, Plaintiff filed a "Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction" (the "Motion for TRO"), which raises additional claims not stated in the Complaint and purportedly arising out of the foreclosure. (Dkt. No. [2].)

Defendants have now moved to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. [3].) Plaintiff did not file a response, and thus Defendants' motion is deemed unopposed.

AO 72A
(Rev.8/82)

**Discussion**

I.  **Defendants' Motion to Dismiss [3]**

   A. Legal Standard for 12(b)(6) Motion

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v.

4

Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiffs are acting pro se, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). Utilizing this framework, the Court considers, in turn, each of the claims raised in Plaintiff's Complaint.

### B. Claim that Defendant BAC Lacks Authority to Foreclose

First, Plaintiff alleges that BAC had no authority to foreclose on the Property because: (1) there was no valid assignment of the Deed to BAC (id. ¶¶ 14-17, 22, 26, 28-30), and (2) BAC does not hold both the Note and the Deed (id. ¶¶ 27-28). As a threshold matter, under Georgia law, "[i]t is clear that a

5

security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." Gordon v. S. Cent. Farm Credit, ACA , 446 S.E.2d 514, 515 (Ga. Ct. App. 1994). With this premise in mind, the Court considers Plaintiff's claims regarding Defendant BAC's alleged lack of authority to foreclose.

### 1. *Improper Assignment*

Plaintiff first alleges that the assignment is improper such that BAC lacks the authority to foreclose because of (1) "[t]he mere fact that . . . MERS . . . became involved," and (2) because "there are no legal Assignments on record." (Compl., Dkt. No. [1-2] ¶ 29; see also id. ¶¶ 22, 26, 28.) Plaintiff further alleges that any assignment was improper because neither the Deed nor the assignment thereof were properly attested, in violation of O.C.G.A. §§ 44-14-33[3] and 44-14-61.[4] (Id. ¶¶ 14-17, 26.) The court will consider each of these three arguments in turn.

---

[3] O.C.G.A. § 44-14-33 provides in pertinent part that "[i]n order to admit a mortgage to record, it must be attested by or acknowledged before an officer . . . and, in the case of real property, a mortgage must also be attested or acknowledged by one additional witness." See also O.C.G.A. § 44-2-15 (listing notary public among the "officers" authorized to attest a mortgage or deed).

[4] O.C.G.A. § 44-14-61 provides "[i]n order to admit deeds to secure debt or bills of sale to record, they shall be attested or proved in the manner prescribed by law for mortgages."

6

First, the plain language of the Deed expressly "grant[s] and convey[s] to MERS (solely as nominee for [American Mortgage] and [American Mortgage's] successors and assigns) and to the successors and assigns of MERS, with power of sale, the [Property]."[5] (Defs.' Mot. to Dismiss Ex. A, Dkt. No. [3-1] at 2.) Thus, Plaintiff unequivocally authorized MERS's involvement in the transaction by executing a security deed in its favor. Additionally, the Deed recognizes MERS's right of assignment by granting power of sale "to the successsors and assigns of MERS." (Id.) This right of assignment is in accord with Georgia law. See O.C.G.A. § 44-14-64 (authorizing transfer of security deeds by way of assignment). Having expressly authorized MERS's involvement in the transaction and its right to assign the Deed, Plaintiff cannot challenge BAC's authority to foreclose on this basis.

With regard to Plaintiff's second argument that there is no legal assignment on record, Cobb County real property records prove to the contrary. These records evidence proper assignment of all interest in the Deed from

---

[5] As stated in footnote 1, supra, the Court will consider this document without converting the motion into a motion for summary judgment.

7

MERS to BAC on March 31, 2011.  (Defs.' Mot. to Dismiss Ex. A, Dkt. No. [3-1] at 16.)

Finally, the Court turns to Plaintiff's argument that the assignment to BAC is improper because the documents have not been properly attested. Under O.C.G.A. §§ 44-14-33 and 44-14-61, in order to be properly recorded, a security deed must be attested by or acknowledged before an officer, such as a notary public, and, in the case of real property, by a second witness.  Here, the faces of the documents reveal that both the Deed and the assignment thereof were attested by a notary public and an additional witness.  (Id. at 10.)  Thus, both the Deed and the assignment were properly recorded under O.C.G.A. §§ 44-14-33 and 44-14-61.

### 2. *Splitting of Note and Deed*

Plaintiff's second argument regarding BAC's alleged lack of authority to foreclose concerns the "splitting" of the Note and the Deed.  Plaintiff alleges that "[BAC] performed a foreclosure and Sale Under Power of Plaintiff's property . . . [but] did not hold both the Note and Security Instrument, in direct conflict with Georgia statute." (Compl., Dkt. No. [1-2] ¶ 27.)  Plaintiff, however, does not cite any Georgia statute or case law requiring the foreclosing

8

entity to be in possession of both the note and the security deed. In fact, this Court has previously found that Georgia law does not preclude the holder of a security deed from initiating foreclosure if it does not also hold the note. See LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *5-6 (N.D. Ga. Jan. 18, 2011) (rejecting the debtor's argument that the foreclosing entity must possess both the promissory note and the security deed).

Plaintiff's argument is also foreclosed by the plain language of the Deed, which unequivocally grants MERS and its assigns "the right to foreclose and sell the Property." (Defs.' Mot. to Dismiss Ex. A, Dkt. No. [3-1] at 2.) The Deed discloses no intent on the part of Plaintiff to restrict MERS or its assigns from selling the Property if the Note and Deed were not in the possession of the same entity. As stated above, MERS properly assigned its interest in the Deed to BAC. Thus, as holder of the Deed, BAC had authority to foreclose on the Property upon Plaintiff's default.

Accordingly, any and all claims arising out of BAC's alleged lack of authority to foreclose–whether based on an improper assignment or splitting of

9

the note theory–are hereby **DISMISSED** for failure to state a claim upon which relief can be granted.

### C. Tort of Wrongful Foreclosure

Finally, Plaintiff asserts a claim for the tort of wrongful foreclosure, alleging "BAC had no right to proceed with a foreclosure and non-judicial sale of Plaintiff's property, as a proper notice was not given as required by O.C.G.A. § 44-14-162.2."[6] (Compl., Dkt. No. [1-2] ¶ 24.) In support of this argument, Plaintiff alleges "there was no Notice sent to Plaintiff by the Secured Creditor, [because] clearly [BAC] is not and was not the secured creditor, holder in due course, of the promissory Note." (Id. ¶ 35.) Importantly, Plaintiff does not allege that he received no notice. Instead, implicit in Plaintiff's argument is that he received notice from BAC, but that the notice was deficient because BAC is not the secured creditor. However, this Court has previously held that a loan servicer–such as BAC in this case–may send notice on the secured creditor's behalf. LaCosta, 2011 WL 166902, at *3-4 ("The goal of Section 162 is to give

---

[6] O.C.G.A. § 44-14-162.2 states that "[n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor . . . ." Where a foreclosing creditor fails to comply with the notice requirements of section 44-14-162.2, the debtor may pursue a claim for wrongful foreclosure. Roylston v. Bank of America, N.A., 550 S.E.2d 412, 417 (Ga. App. 2008).

10

the debtor notice of the foreclosure sale. Whether that notice is provided by the secured creditor directly, or by its agent, is of no consequence."). Thus, the notice Plaintiff received cannot be found deficient merely on grounds that the notice was furnished by BAC, the loan servicer and agent of the secured creditor.[7] Accordingly, Plaintiff's claim for the tort of wrongful foreclosure is **DISMISSED**.

### D. Defendants' Request for Attorney's Fees

Defendants seek an award of attorney's fees incurred in the present action against Plaintiff. The general rule in Georgia is that attorney's fees are not available unless authorized by statute or contract. O'Conner v. Bielski, 701

---

[7] The Court notes that if Plaintiff had alleged that the notice he received failed to properly identify the secured creditor and the entity with authority to modify the loan, Plaintiff may have stated a claim for wrongful foreclosure under OCGA § 44-14-162.2. See Stubbs v. Bank of America, No. 1:11-CV-1367-AT, 2012 WL 516972, at *5-6 (N.D. Ga. Feb. 16, 2012) (finding that the loan servicer "evaded the most substantive requirements of Georgia's foreclosure statute in that [] it was not the secured creditor entitled to foreclose despite providing a notice letter affirmatively representing it was the creditor . . . ."). However, Plaintiff challenged the notice in this case solely on grounds that it was received from BAC, a loan servicer and not his secured creditor. This allegation alone, however, does not state a claim for relief under § 44-14-162.2, as, again, that provision does not prohibit an agent of the secured creditor from furnishing, on the secured creditor's behalf, the notice required under this provision. Nothing in Stubbs is to the contrary.

11

S.E.2d 856, 858 (Ga. 2010). Having failed to point to any legal basis for an award of attorney's fees, Defendants' request is **DENIED.**

## II. Plaintiff's Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction [2]

Finally, Plaintiff seeks a temporary restraining order or preliminary injunction to set aside the foreclosure sale, prevent dispossessory proceedings, and receive validation of his debt.[8] (Dkt. No. [1-3].) In order to be entitled to a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003); Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 148 F. Supp. 2d 1326, 1334 (S.D. Fla. 2001). "The preliminary injunction is an extraordinary and drastic remedy not

---

[8] Plaintiff's Motion for TRO raises additional claims not stated in the Complaint and purportedly arising out of the foreclosure. The Court will not address these claims because they were not fairly raised in the Complaint so as to place Defendants on notice of them. See Taylor v. Alabama, 275 F. App'x 836, 836 n.1 (11th Cir. 2008).

12

to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)). The standard for a preliminary injunction also applies to a request for a temporary restraining order. Morgan Stanley BW, Inc. v. Frisby, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001).

In light of the Court's ruling in Part I of this Order granting Defendants' Motion to Dismiss, Plaintiff cannot show a likelihood of success on the merits of any of his claims. Accordingly, Plaintiff's Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction [2] is **DENIED**.

## III. Defendants' Motion to Stay Discovery and Certain Pretrial Deadlines [4]

In light of the Court's ruling in Part I, supra, granting Defendants' Motion to Dismiss, the Court hereby **DENIES as moot** Defendants' Motion to Stay Discovery and Certain Pretrial Deadlines.[9]

---

[9] The Court notes that its Order of July 26, 2011 (Dkt. No. [14]), staying discovery in this case until the Court could rule on Defendants' Motion to Dismiss, should have cleared this Motion from the docket. It is now subject to dismissal as moot.

13

## Conclusion

For the aforementioned reasons, Plaintiff's Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction [2] is **DENIED**. Defendants' Motion to Dismiss [3] is **GRANTED**. Defendants' Motion to Stay Discovery and Certain Pretrial Deadlines [4] is **DENIED as moot**. The Clerk's Office is directed to close the case.

**SO ORDERED**, this  2nd  day of March, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)